(Reap. Dec. 10722)

JAMES LOUDON & CO., INC. v. UNITED STATES

Entry No. 26828, etc.

(Decided April 15, 1964)

*Glad & Tuttle* for the plaintiff.

*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule A, annexed to this decision and made a part thereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court as follows:

1. That the appeals for reappraisement set forth on Schedule "A" attached hereto and made a part hereof are limited to automobiles described as Goggomobile Model T-700 or Sedans, Goggomobile Coupes, and Goggomobile Sunroofs, exported from West Germany during 1958 and 1959.

2. That the involved merchandise was entered or withdrawn from warehouse after the effective date of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165), and is identified in the Final List published by the Secretary of the Treasury pursuant to said Customs Simplification Act (T.D. 54521), and accordingly is subject to appraisement under the provisions of section 402a of the Tariff Act of 1930 as amended.

3. That on or about the dates of exportation, such or similar merchandise was not freely offered to all purchasers for home consumption in the country of exportation or for exportation to the United States; and on or about said dates of exportation, such or similar imported merchandise was not freely offered to all purchasers for domestic consumption in the United States.

4. The cost of production of the involved merchandise as defined in section 402a(f) of the Tariff Act of 1930 as amended is equal to the invoice unit prices plus .624%, net packed.

5. That the appeals for reappraisement set forth in the Schedule "A" attached hereto may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

Upon the agreed facts, I find cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the

determination of the value of the merchandise covered by said appeals for reappraisement and that such values are equal to the invoice unit prices, plus 0.624 per centum, net, packed.

Judgment will be entered accordingly.